■ In the Matter of DOBBS FERRY UNION FREE SCHOOL DISTRICT, Respondent, v DOBBS FERRY UNITED TEACHERS et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Westchester County, dated January 8, 1979, which granted the application. Judgment affirmed, with $50 costs and disbursements. The dispute here revolves around the question of whether petitioner, in terminating Frances Stuckmann, a CETA employee, was obligated to comply with section 3 of article 2 of the collective bargaining agreement governing, *inter alia,* requirements as to the timing of termination notices. Special Term correctly concluded that Stuckmann was an employee of the Town of Greenburgh and not of petitioner, and as such, as a matter of law, was not covered by the collective bargaining agreement. She may therefore not invoke the arbitration procedures of the collective bargaining agreement because it cannot be concluded that the parties have demonstrated a "clear, unequivocal" intention to arbitrate disputes such as this (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 514). Mollen, P. J., Damiani, O'Connor and Rabin, JJ., concur.